**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA BEATRIZ RAMOS PALACIOS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-615 <br><br> Agency No. <br> A094-936-681 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**

Before:     SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Claudia Beatriz Ramos Palacios, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

We do not address Ramos Palacios' contentions as to her eligibility for asylum because the BIA did not reach these issues.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

Substantial evidence supports the agency's determination that Ramos Palacios failed to establish she was or would be persecuted on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Ramos Palacios' withholding of removal claim fails.

In light of this disposition, we need not reach Ramos Palacios' contentions regarding the cognizability of her proposed particular social groups.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required

to decide issues unnecessary to the results they reach).

Because Ramos Palacios does not contest the BIA's determination that she waived challenge to the IJ's denial of her CAT claim, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Ramos Palacios' contentions regarding her eligibility for CAT protection are not properly before the court because she failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**